## CIRCUIT COURT OF ROCKBRIDGE COUNTY

Nancy S. Hayslett

v.

Harriott Family
Restaurants, Inc.

### August 30, 1990

By JUDGE GEORGE E. HONTS, III

This action comes on upon special pleas of:

1. The statute of limitations;

2. No cause of action being stated in the motion for judgment;

3. Dismissal on grounds that the plaintiff has prayed mutually exclusive basis for a claim.

For our purposes we can briefly state the applicable facts. The plaintiff, Nancy S. Hayslett, had been an employee of the defendant corporation or its predecessor for a considerable period of time, at the Howard Johnson Restaurant in Rockbridge County. She had attained the position of assistant manager. There was no written contract of employment.

In January, 1987, the plaintiff injured her back while shoveling snow at the restaurant. She applied for and received workmen's compensation benefits. On March 23, 1987, she was fired. She alleges the firing was a result of her pursuing the workmen's compensation claim, and such firing is retaliatory and prohibited by § 65.1-40.1 of the 1950 Code of Virginia as amended.

Simultaneously, the plaintiff alleges, she had noted for approximately six months prior to her discharge that the manager of the restaurant and the district manager of the corporation were engaged in accounting irregularities regarding inventories and other matters. The plaintiff reported these perceived irregularities to a personnel

manager. The plaintiff alleges she was discharged because she was (what is commonly known as) a "whistleblower."

By either count, she alleges her discharge was a retaliatory action.

The plaintiff filed her two-count motion for judgment on October 24, 1989, two years, six months and 27 days after the date of her discharge.

The defendant asserts a retaliatory discharge is a tort action and is subject to a two-year statute of limitation.

The plaintiff counters that the action is either in contract and subject to a three-year limitation or an action against property, i.e. wages, and subject to a five-year statute of limitations. The plaintiff also counters that the causes of action are well-pleaded and clearly stated and that the remedies are not mutually exclusive.

We will not reach the question of whether causes of actions are set out or contradictory.

Virginia adheres to the common-law rule of employment-at-will, absent a contract from which the intended period of employment can be otherwise determined. *Bowman v. State Bank of Keysville*, 229 Va. 534, 535 (1985). There are few, narrow exceptions to the rule. *Bowman*, 539, 540. Such exceptions are based upon statutory rights, as here, where an employee may not be penalized for pursuing a workman's compensation claim, or upon established public policy, i.e., discharging an employee for refusing to perform an illegal act. Recognizing such narrow exceptions, Virginia has clearly identified retaliatory discharges as a tortious act: "Consequently, applying a narrow exception to the employment-at-will rule, we hold that the plaintiffs have stated a cause of action *in tort* . . ." *Bowman*, 540.

A tort is defined as:

> A violation of a duty imposed by general law or otherwise upon all persons occupying the relation to each other which is involved in a given transaction.

*Black's Law Dictionary*, 5th Edition.

Such violation is a private wrong, other than a breach of a contractual duty.

By definition, then, the plaintiff's argument that a longer, contract-related, statute of limitations does not apply.

Frankly, I have some difficulty following the logic of the plaintiff's argument that the tort was committed against *property*, that is, the loss of wages plaintiff would have received had she remained employed. If I correctly perceive the argument, the plaintiff alleges these unearned wages are analogous to wages earned but unpaid prior to the death of the wage earner, with a right recognized in the law that an action for such wages survives and accrues to the wage earner's estate.

I will not label the argument novel, since I do not know that it is. But even if poorly stated here by me, I find argument to be misplaced. What the plaintiff lost upon her discharge on March 23, 1987, was not wages, but the right to earn wages from this particular employer. The right to earn wages was ruptured by the alleged tortious retaliatory firing of the plaintiff for whichever alleged reason. That alleged rupture was a violation of a duty, a private wrong, not based on contract, by the defendant against the plaintiff herself, not against her property or her property rights.

Finally, it is not clear that this Commonwealth has an established public policy regarding whistleblowers. Assuming for argument sake that it does, if a breach of such policy occurred, it was retaliatory, vindictive, and tortious.

Accordingly, I find the defendant's plea of the statute of limitations pursuant to § 8.01-243 of the 1950 Code of Virginia as amended is well taken and is hereby sustained. Counsel for the defendant is directed to prepare and present an appropriately endorsed order in conformity herewith dismissing this action.